## Dunhill of Lancaster, Inc. v. AC and S Co., Inc.

*Morgan, Hallgren, Crosswell and Kane*, for plaintiffs.

*James E. Hipolit*, for defendant.

PEREZO US, *J.*, April 6, 1982—Plaintiff has sued pursuant to an oral contract to recover a placement fee in providing an individual for a position of employment offered by defendant, which denies that the employee was hired as a result of plaintiff's efforts and further alleges breach of fiduciary duty as obviating any financial obligation on its part. This court has been requested to grant defendant summary judgment under Rule 1035 of the Pennsylvania Rules of Civil Procedure but this request is clouded by the fact that plaintiff had already moved to appoint arbitrators. The parties have each applied for further special relief in that defendant seeks a stay of the scheduled arbitration hearing pending disposition of its motion for summary judgment whereas plaintiff desires the dismissal of such motion as being untimely made to delay trial.

Although there is some authority for the proposition that a motion for summary judgment is timely filed notwithstanding an arbitration hearing having been scheduled, Stajnrajh v. Continental Casualty Co., 41 D. & C. 2d 411 (1966), this should only be permitted where there is sufficient time (as in the case at hand) to have argument scheduled immediately and the decision expedited so as not to compel the delay of trial. However, if it is obvious that such motion is for a dilatory purpose, the court can construe the time limitation of the rule as prohibiting its filing if the case has already been listed for trial: Bornstein v. Bethlehem Steel Corp., 4 D. & C. 3d 236 (1978). The instant case was instituted by a complaint on September 8, 1981 and we do not find that the length of time of six months until the "listing for trial" through the appointing of arbitrators is an unreasonably long or short time period. Rather, we feel that in the three months from the filing of the deposition of plaintiff's man-

ager, defendant could have taken the necessary steps to move for summary judgment, just as we likewise are of the opinion that plaintiff was somewhat premature in asking for the appointment of an arbitration board with the knowledge that legible documents for both sides still had to be produced and reviewed. It seems to this court that both sides have chosen to "paper"* this litigation involving a rather simple issue instead of communicating as to their discovery requirements in order to get the case in a posture where it can be resolved.

Rule 1035 of the Civil Procedural Rules contains no provisions for any action by the adverse party except the filing of affidavits in opposition if desired. In making the determination as to entering judgment, the court is to examine the pleading, depositions, answers to interrogatories, and admissions on file, as well as any affidavits. The second sentence of subdivision (b) states the basic principle with complete clarity. If there is no genuine issue as to any material fact and if the moving party

---

*The papers filed to date consist of the following: complaint, answer and new matter, plaintiff's answer (sic) to new matter; deposition of plaintiff's manager, plaintiff's request for production and copying of documents, plaintiff's interrogatories—Set No. 1, defendant's interrogatories;

Defendant's motion for summary judgment; plaintiff's motion to strike defendant's motion for summary judgment; defendant's answer, new matter and petition for stay; plaintiff's answer (sic) to defendant's new matter;

Defendant's brief in support of motion for summary judgment, plaintiff's memorandum of law in support of motion to strike defendant's motion for summary judgment and in opposition to defendant's motion for summary judgment; defendant's brief in response to plaintiff's motion to strike and in support of defendant's petition for stay; defendant's reply brief in support of motion for summary judgment; plaintiff's counter-reply brief in opposition to defendant's motion for summary judgment.

is entitled to a judgment as a matter of law, the court may enter summary judgment in his favor: Standard Pa. Practice, Goodrich-Amram 2d, § 1035 (b): 2, p. 429. This is the familiar rule which permits summary disposition of cases only in the "clearest of cases": Lorillard v. Solms, 67 Lanc. L.R. 267 (1980).

The Superior Court has aptly summarized the intent of the Rule:

. . . [W]e are to accept as true all well-pleaded facts in the non-moving parties pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and in passing upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.

Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570, (1971). Applying the above rationale to the present case it is our opinion that there exist several factual issues for determination since we cannot decide at this juncture, as a matter of law, the nature of the employment relationship between the parties, upon which would depend whether the material breach of any fiduciary duty of an agent precludes recovery. Wherefore, the following order is entered

## ORDER

And now, April 6, 1982, upon consideration of motion for summary judgment filed by defendant,

plaintiff's preliminary objections to such motion as being untimely filed, together with all responses and replies of both parties, as well as after an examination of the pleadings and discovery in the case and all briefs submitted, the entry of summary judgment is refused.